United States Bankruptcy Court - Eastern Massachusetts

U.S. BANKRUPTCY COURT
2017 APR 17 A 11: 02

5 Post Office Square - Floor 11

Boston, MA 02108

In Re:  Helen Cameron, Debtor                    Chapter 7 Case No: 17-10933 FJB

**DEBTOR'S OPPOSITION TO RECOGNITION OF STATE COURT APPOINTED RECEIVER, JOSHUA KREFETZ, AND MOTION TO MAKE VOID AND OF NO EFFECT RECEIVER'S STATE COURT ACTIONS AGAINST PROPERTY OF THE DEBTOR AND PROPERTY OF THE BANKRUPTCY ESTATE**

(Hearing scheduled for April 19, 2017)

Now comes Helen Cameron, the Debtor, and opposes recognition of State Court appointed Receiver, Joshua Krefetz, and in the alternative moves this Honorable Court to void and make of no effect Receiver's Action's against the Debtor and property of the Debtor and this Estate.

As grounds and reasons, Debtor states as follows:

1. On or about March 10, 2007, Joshua Krefetz (the "Receiver") was appointed by Boston Housing Court (a State Court) to serve as Receiver of the herein Debtor's property located at 98 Topliff Street, Drchester, Ma (the "property") with several duties to correct State Sanitary Code ("Code") violations in relation to the property. Said appointment was opposed by the "Debtor" who was the Defendant in that case and had tried unsuccessfully to resolve the issues at ISD administrative level - ISD denied Debtor a hearing (see Request for hearing at ISD, Exhibit 8 herein) . Said appointment was allowed by the Petition of Inspectional Services Department ("ISD") per request of unlicensed Inspectors. At the time of said appointment there were NO authorized tenants occupying the premises (except the Debtor and Debetor's family) therefore property was not lawfully subject to receivership. In addition, the Petition for such appointment was insufficient as there was no content statement as to "cause" of the violations - a statement

1

required by statute. The Debtor asserts that the Code violations were tenant-caused. All other issues defined as Code violations were present since the property was constructed and it has regularly passed inspections since that time. In addition, the property was inspected by a licensed inspector in June, 2016 and passed. In addition, the property has increased in value each year since the Debtor has owned it (see tax record, and PHA inspection report Exhibit 5 omitted) and Debtor uses income generated from the property for that purpose;

2. The appointment of the Receiver was not perfected as no statutorily required Receiver's Bond has been posted; The Receiver has not posted the Bond requiured by federal regulations, as well. The Receiver has listed himself in this bankruptcy as a creditor. However, Receiver has demonstrated nor perfected a valid claim against the debtor or against the property. The damage and need for repairs was tenant-caused and (former) tenant is responsible for costs, not Debtor.

3. The Receiver violated the Automatic Stay imposed by the filing of the herein bankruptcy pursuant to 11USC s 109(g) and s 362 (a) through (e) - after receiving notice of Bankruptcy filing and before the Receiver was granted relief from the automatic stay, the Receiver continued to pursue claims and commensed new actions against the property and against the Debtor in State Court (see Housing Court docket). The Receiver must be sanctioned for this unlawful act(s).

3. Both the State Court Order as well as the Bankruptcy Court Order for Relief From Stay were breached and irreparable harm resulted to the Debtor and the property as follows, without limitations because - Receiver

- failed to conduct or provide the court or the debtor with a proper reliable title search necessary to determine owner interest in the property and he allowed a non-interested party (U.S. Bank Trust, the "Bank") to participate in the receivership and subsequent inspection of and trespass upon the Debtor's private property. Title chain shows the mortgage on the property had

2

been discharged by offset before the Bank purchased the note from FANNIE MAE, if any. (see Suffolk Registry of Deeds Notice of Discharge and Affidavit and U.S. Bankruptcy Court judgment against the original lender (its sucessors and assigns) (attached herein as Exhibit 7);

- changed all locks but failed to provide keys to the owner as required by State regulations and locked Debtor out; Debtor was issued a Temporary Restraining Order out of Superior Court against the Receiver for that (see attached Exhibit 1);

- unlawfully forced entry to the property using firearms while Debtor was in occupation thereby intimidating and instilling fear in an elder person and invasion of her privacy; faked a foreclosure and spread rumors of impending foreslosure causing the Debtor embarrassment, financial loss, court fees, and the property to be exposed to vandalism and looting; (see TRO exhibit 1). It should be noted that foreclosure by entry and possession must be "peaceful" to be valid and is subject to voidance and reversal otherwise. Receiver's forced entry and his "Bull in a China Closet" approach is in violation of the terms of the Bankruptcy Court Order for Relief From Stay and State Court procedural guidelines; Neighbors complained of the prolonged police presence upon the property while the Receiver was conducting his "duties" present upon the property seemingly to conduct a simultaneous and unlawful foreclosure by (forceful) entry; perfect a lien for work undone; re-instate a previously terminated tenancy; evict the owner; secure the property by locking the owner out; seeking a State Court order blocking owner's right to be present upon the property; all without notice to owner or opportunity to be heard. And, Receiver failed to file notice of these actions at Registry of Deeds (or elsewhere in public) in the County where the property is located.

- attempted to extort equity and exploit the Debtor by placing a fraudulent lien against Debtor's property for replacing two smoke/carbon monoxide detectors, said detectors replaced were otherwise in good condition, and Receiver proposed a bill for hundreds of thousands of dollars for

3

that;

- created emergency conditions while on the property - fire and police had to be summoned several times; Debtor was assaulted while under the Receiver's supervision; (see Police Report, Exhibit 2);

- tampered with and converted Debtor's United States Postal mail while upon Debtor's property;

- denied due process; filed fraudulent certificates of service;

- committed acts of criminal trespass of which Debtor has complained; accused Debtor of trespassing on her own property; caused Debtor to be arrested in error;

- forged the signature of a State Court judge on an illegal document - the Debtor has notified that judge; (see Exhibit 3);

- unlawfully converted Debtor's tools, utility service, and other personal property for his own use without compensation;

- soiled Debtor's furniture (sofa pillows) and broke doors and partitians and windows inside the Debtor's apartment and in the common areas in obvious attempt to create an "abandoned property" appearance (see photos exhibit 4).

3. The Debtor has reason to believe the Receiver and his associates are under federal investigation for such (above similar) conduct and a complaint is pending in U. S. District Court against "them" as well.

4. For aforestated reasons, the Debtor believes if this Court recoginizes the Receiver, or allows any of Receiver's actions to be of effect against the Debtor or against Debtor's property, long term

credibility as a reputable judicial tribunal will be jeophardized. All actions taken by the Receiver are subject to offset and reversal in State and/or federal court.

Wherefore, the Debtor moves this Honorable Court, 1) refuse to recognize the Receivership of Joshua Krefetz, and in the alternative, 2) void and make of no effect any of Receiver's Action's against the Debtor and property of the Debtor; 3) enjoin the Receiver from commensing or continuing any actions against the Debtor and the property; 4) order reimbursements to Debtor for her losses and damages in offset against Receiver's lien, if any; 5) order Receiver to return possession of the property and all rents collected against the property and the estate to the Debtor; 6) notify the Massachusetts Bar of the Receiver's misconduct; 7) enter an order denying recognition and dismissing the Receiver with prejudice; and 8) any other relief this court deems just and proper.

Respectfully,

Helen Cameron

POB 260672 - 98 Topliff Street

Boston, MA 02122

April 17, 2017

Affidavit: I, Helen Cameron, swear and affirm that the above is true to the best of my knowledge and belief under pains and penalties of perjury. Signed this 17th day of April, 2017.

Certificate of Service: On April 1 I mailed a copy of the above DEBTOR'S OPPOSITION TO RECOGNITION OF STATE COURT APPOINTED RECEIVER, JOSHUA KREFETZ, AND MOTION TO MAKE VOID AND OF NO EFFECT RECEIVER'S STATE COURT ACTION AGAINST PROPERTY OF THE DEBTOR AND PROPERTY OF THE ESTATE (Hearing scheduled for April 19, 2017) as follows: including Debtor's Notice/Request for telephonic appearance.

John Fitzgerald, U. S. Trustee

5 Post Office Square - Floor 11

Boston, MA


John O. Desmond, Unsecured Creditor Trustee

5 Edgehill Rd

Framingham, MA


Joshua Krefetz

P.O. Box 88

Somerville, MA

signed: Helen Cameron - POB 672 - 98 Topliff Street - Boston, MA 02126

April 17, 2017

*Debtor's Exhibits 1-7*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                      SUPERIOR COURT
                                                                  CIVIL ACTION
                                                                  NO. 2017-0989A

HELEN CAMERON,
Plaintiff

vs.

INSPECTIONAL SERVICES DEPARTMENT,
BOSTON AND JOSHUA KREVETZ,
Defendants

## ORDER ON PLAINTIFF'S COMPLAINT AND MOTION TO STAY FORECLOSURE ACTION

Plaintiff understands that Joshua Krevetz was appointed by the Housing Court as a receiver on ISD's Petition to Appoint Receiver due by long-standing sanitary code violations which have not been addressed. Plaintiff has now provided a copy of the Order Appointing Receiver, which does not provide for the Receiver to lock out the plaintiff. Plaintiff claims under oath that the Receiver has changed her locks, without providing her a key, thus effectively locking the plaintiff out of her residence.

Plaintiff also alleged that the Receiver allowed a bank representative as well as an unidentified person armed with a gun to enter her home with him for an inspection, of which no notice had been provided to her. Where the Order Appointing Receiver makes no mention of anyone being allowed to bring a firearm onto plaintiff's property, such action is precluded until further Order of this court or the Housing Court.

## ORDER

The Receiver, his agents and employees, are precluded from entry onto plaintiff's property at 98 Topliff, Dorchester with any firearm, loaded or unloaded. This matter is returnable to the Housing Court, Muirhead, J. on April 3, 2017 at 9:00 a.m. The 7's Amendment allowing the arrest from the (keys to her property) receiver as well as allowing the receiver is allowed to lock out. The owners are referred to Muirhead J for hearing on 4/3/17 at 9am in the Housing Court.

_____
Elizabeth M. Fahey
Justice of the Superior Court

Dated: March 31, 2017

2