UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                          Chapter 7
                                                Case No. 17-10933
Helen Cameron                                   Honorable Frank J. Bailey
dba Della Terri Associates

        Debtor

_____/

### OBJECTION OF U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST TO DEBTOR'S MOTION TO STAY

NOW COMES U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, a secured lien holder in the above captioned Chapter 7 proceeding, and objects to the Debtor's Motion to Stay filed on April 3, 2017.  In support thereof, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust states the following:

BACKGROUND INFORMATION:

1.      On November 22, 2006, non-filing Debtor Abraham Ryan executed a note to Community Lending, Incorporated in the original principal amount of $300,000.00 (the "Note").  The Note was subsequently endorsed in blank and transferred over to Movant (assignee).

2.      The Note is secured by a mortgage executed by non-filing Debtor Abraham Ryan to Mortgage Electronic Registration Systems, Inc. dated November 22, 2006 and recorded with the Suffolk County Registry of Deeds at Book 40803, on Page 118 (the "Mortgage").  The Mortgage was subsequently assigned to IndyMac Federal Bank, FSB by assignment of Mortgage dated May 11, 2009 and recorded with Suffolk County Registry of Deeds at Book 45516, Page 73, subsequently assigned to OneWest Bank FSB by assignment of Mortgage dated April 8, 2010 and recorded with Suffolk County Registry of Deeds at Book 46302, Page 68, subsequently assigned to Ocwen Loan Servicing, LLC by assignment of Mortgage dated April 20, 2015 and recorded with

Suffolk County Registry of Deeds at Book 54372, Page 346, subsequently assigned to Federal

National Mortgage Association by assignment of Mortgage dated August 11, 2015 and recorded

with Suffolk County Registry of Deeds at Book 54912, Page 83 and subsequently assigned to U.S.

Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by assignment of Mortgage dated

February 3, 2017 and recorded with Suffolk County Registry of Deeds at Book 57565, Page 275.

3.      The Property was transferred on April 10, 2009 by Abraham Ryan to Helen Cameron via a

Quitclaim Deed recorded with the Suffolk County Registry of Deeds at Book 44784, Page 243.  The

Mortgage is a first mortgage on real property owned by the Debtor known and numbered as 98

Topliff Street, Dorchester, MA 02122 (the "Property").

4.      The Note and the Mortgage are in default for the November 1, 2007 payment and all

subsequent payments, plus reasonable attorney's fees and costs and other charges incurred.

5.      In the last ten years, fourteen (14) bankruptcy cases have been filed by either Helen

Cameron or Abraham Ryan.

6.      The first case, 07-17709, filed by Abraham Ryan on December 2, 2007, was dismissed on

January 14, 2009 for failure to make plan payments.

7.      Less than six months later, Debtor Helen Cameron then filed bankruptcy case 10-17060

on June 29, 2010, which case was dismissed on August 16, 2010 for failure to file information.

The case was closed by this Court on January 24, 2011.

8.      Three months after the closing of case 10-17060, Abraham Ryan filed bankruptcy case

11-13523 on April 19, 2011.  This case was dismissed for failure to file information on May 6,

2011 and was closed on May 26, 2011.

9.      Five months later, Helen Cameron filed bankruptcy case 11-19943, which was dismissed

on June 21, 2012 for failure to comply with the Court's Order requiring the Debtor to file a

certificate of service regarding her amended creditor's matrix.  The case was closed on November 26, 2012.

10.     On August 9, 2012, before the prior case was closed, Helen Cameron filed another bankruptcy case, 12-16699, which was dismissed on September 19, 2012 for failure to file timely a Certificate of Credit Counseling.  The Debtor moved to reconsider and vacate the dismissal, which was denied because the Debtor failed to comply with the Court's Order requiring the Debtor to file a certificate of service regarding her amended creditor's matrix.  The case was closed on November 19, 2012, before the prior bankruptcy case had been closed.

11.     On September 24, 2012, while Helen Cameron's two bankruptcy cases remained open, Abraham Ryan filed bankruptcy case 12-17741, which was dismissed on October 4, 2012, for failure to file information.

12.     On October 23, 2012, Helen Cameron filed an involuntary petition against Abraham Ryan, bankruptcy case 12-18527.  This case was dismissed roughly three weeks later on November 13, 2012.

13.     On November 13, 2012, Helen Cameron filed bankruptcy case 13-10115, which was dismissed on June 10, 2013.

14.     On May 15, 2015, Helen Cameron and Abraham Ryan jointly filed bankruptcy case 15-12102, which was dismissed on June 5, 2015, for failure to pay the filing fee.

15.     On December 20, 2016, Helen Cameron filed an Affidavit of satisfaction and Mortgage Discharge with the Suffolk County Registry of Deeds at Book 57306, Page 132, despite not having satisfied the Mortgage debt nor having obtained a discharge of the Mortgage from U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

16.    On December 27, 2016, Helen Cameron filed Michigan bankruptcy case 16-32931, which case was dismissed on January 19, 2017 for failure to file information.

17.    The present case was filed on March 20, 2017.  The debtor has not listed the Mortgage on her Schedule D.

OBJECTION TO THE DEBTOR'S MOTION TO EXTEND THE STAY:

18.    Although Debtor has only filed one bankruptcy case in the past calendar year, the serial filings by the Debtor and the borrower Abraham Ryan strongly evidence their intent to avoid foreclosure proceedings and avoid the obligations under the Note and Mortgage.

19.    Coupled with the Debtor's filing of an Affidavit of Satisfaction and Discharge, despite not having satisfied or obtained discharge of the Mortgage, the Debtor's actions indicate bad faith on the part of the Debtor.

WHEREFORE, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust respectfully requests that the Court deny the Debtor's Motion to Stay as to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and for such other relief as the Court deems just and proper.

U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust, by Caliber Home
Loans, Inc., as its attorney in fact
By its attorneys,

Date: April 17, 2017

/s/ Stephanie Babin
Stephanie E. Babin, Esq.  689167
Orlans PC
PO Box 540540
Waltham, MA 02454

(781) 790-7800
Email: bankruptcyNE@orlans.com
File Number: 17-004781